We'll hear our next case, Sodano v. United States, No. 17-3467. Good morning, Your Honors. My name is Thomas Dreyer. I'm here on behalf of the appellant in this matter, James Sodano. I would like to reserve five minutes for... That'll be granted. Thank you, sir. Your Honor, by way of the February 7, 2018, order issued by this court granting Mr. Sodano's request for a certificate of appealability on his claim that the trial counsel had rendered constitutionally ineffective assistance in the plea bargaining process, we are here today asking for one form of relief only, and that is that the court remand this case to the District Court of New Jersey for an evidentiary hearing on the claim just cited. All right. But I think it bears note the procedural history here. The District Court denied the habeas petition on procedural grounds. We put in our order our certificate of appealability. Jurists of reason could debate whether the District Court should have allowed the claim to proceed and addressed it on the merits. There's no addressing it on the merits, and apparently you've chosen not to deal with the procedural grounds. Despite the fact that the government rightfully pointed out perhaps you ought to do that. Your Honor, those facts are correct. Your Honor, if that's the court's decision, I misread the COA. I do not see any language in there that required me to address the underlying procedural issue that the trial judge addressed. The court granted the certificate of appealability on this issue, and I briefed this issue on the merits. And if the court concludes that I bolloxed everything up by not addressing the procedural issue, then I don't know how to respond to that. I did not address the procedural issue. Mr. Sanders did inform me of that fact, Your Honor, and I did not file an amended opening brief or anything to that effect. You were court appointed, correct? I am, sir. So we may be in a strange position where if Sedano had remained unrepresented, he'd be entitled to the indulgence of the court liberally construing his filings, which might mean that his brief should have been treated as a motion to amend to add a Lafler claim. That's correct, Your Honor. Everything that was filed in this matter prior, in your court, in this court, prior to the issuance of the COA, was done by Mr. Sedano on a pro se basis. Do you have any view as to whether, you know, the district judge was being a stickler here, as I would suggest is appropriate. There is an important distinction between pleadings and briefs. And if that mistake had been made in a counseled brief, it wouldn't suffice. But do you have an opinion or an argument to make as to whether it should have sufficed in light of Mr. Sedano's then pro se status? Well, Your Honor, I guess initially I would ask if the things are proceeding the way I think they are right now, that maybe I could be given leave of court to file some type of amended brief to address the procedural issue. But yes, Mr. Sedano was working pro se, and his brief was filed in a timely fashion. I'm sorry, his motion was, but the subsequent motion for leave of court to amend to add the Lafler claim certainly came after the one year period had expired. All right. Well, so the rest of the time is yours. If you wanted to address the merits, we'll hear it, though there's certainly no guarantee we're going to get to it because the district court didn't. I understand, Your Honor. And I thank the court for indulgence. Yes, Your Honor. It's Mr. Sedano's allegations in his pro se documents that trial counsel failed to explain to him the difference between his sentencing exposure in the event that he was found guilty at a trial and in the event that he pled guilty. He alleges that the government offered him a guilty plea of 13 guilty plea negotiations whereby he would spend 13 years in jail. He rejected that. He went to trial as a result of his convictions of the counts. After the jury trial, Judge Sheraton sentenced him to 39 years in federal prison. He is now 75 years of age. Obviously, a 39 year jail sentence is a life sentence for him. Your Honor, he complains specifically of several things that trial counsel failed to do during the plea bargaining process. And those items are as follows, that counsel did not explain to him in complete detail what the offer of 13 years meant, how the federal sentencing guidelines would calculate the guideline range of imprisonment according to the charges he was facing, how the judge had to consider all seven sentencing factors under 18 U.S. Code Section 3553A, and also the mandatory minimum of 10 years, which were run consecutively in the event that he was convicted of the 18 U.S.C. 1924C charge for firing the handgun during the course of the robbery. Well, how did the document, I understand your objection. We saw your 28J letter that was filed, I guess, today. Yesterday. Or maybe yesterday. Okay. You know, objecting to them, their late filing, I guess. But doesn't that go against your client? I mean, the things they were able to dredge up? Absolutely, Your Honor. Absolutely. If this case is remanded to the district court, there will be a hearing. That will be Exhibit A at the hearing for the government. No question about it. And, you know, as court appointed counsel, I'm trying to represent my client. We appreciate you doing the best you can for your client. And certainly that document, that transcript should have been presented at the time the 2255 motion was filed by Mr. Sedano, prior to the hearing before Judge, or during the, there was no hearing before Judge Sheraton on that 2255. But at some time during that process, that transcript should have been placed into the record. The transcript also could have been placed into the record prior to we appearing here today. The government chose not to file a response to Mr. Sedano's pro se motion for issuance of a COA in this court. They had plenty of opportunity to do so. They failed to do so. So, Your Honor, it's my argument that that document, although maybe relevant at some future proceeding, is certainly not relevant or admissible before this court today. Your Honor, one of the other things that trial counsel failed to advise Mr. Sedano of was that he would get a three-level reduction for acceptance of responsibility by way of a guilty plea, and that may have reduced the sentencing guideline range of imprisonment. So, Your Honor, there's no question but that under Lafler, under Missouri v. Frye, under Lee v. United States, that trial counsel has a duty to render effective assistance of counsel to his client during the guilty plea negotiation process. It's our argument that counsel failed to do so in this case. The allegations made by Mr. Sedano in his pro se proceedings must be taken as true by the court, unless there is evidence in the record that contradicts those allegations. Once again, my position is that the late filing of that transcript is not admissible, makes that transcript not admissible, and therefore is not part of the record today before your court. That would be the argument. All right. Thank you, counsel. Thank you, Your Honor. Mr. Sanders, I'm sorry to jump right in before you can even make an argument, but I can't resist. Shouldn't we just send this back down for a merits hearing? Because the memorandum in support filed by pro se litigant tried to make a Lafler claim, and that should have been construed liberally, which the government in their March 21, 2017, letter indicated that, I'll read it, given Sedano's status as a pro se petitioner, the government submits that his reply should be viewed as an amendment and is therefore timely. They've already taken that position previously. We did take that position. Let me just say for the record, Stephen G. Sanders, for the appellee of the United States in this matter, we did take that position in front of Judge Sheridan. He rejected it. Right. He said, you know, government, you're trying to confess that you made a mistake. You didn't. It's the petitioner who made the mistake. And he cited Judge Greenberg's opinion in, I'm going to bollocks the name of, that says a brief is not a pleading. Right. But now let's say we disagree with that. Let's say we agree with the notion that a brief is not a pleading. But we also say that because pro se filings need to be liberally construed, the fact that a pro se litigant style something as a brief rather than a pleading is not fatal. Well, if your court, if this court says that it'll be the first, I mean, at least in this circuit, it'll be the first decision. I could find no such decision saying that a district court is compelled to accept an argument in a brief that's filed after an answer by the government in a 2255 proceeding is compelled to treat that as an amendment. And by the way, not that it makes it. It's not an outlandish argument. It's an argument that your office agreed with. It's not outlandish. It's correct. And that's why you agreed with it. But we agree with it. And I just note, looking back at the record, that that that brief was not actually prepared by Mr. Sedano himself. It was actually prepared by jailhouse paralegals. I don't think it makes it still a pro se pleading. It does. So, look, I guess I'm asking, what's the harm of just sending this back? And for hearing on the merits, you've got you've thrown this stuff over the transom at the 11th hour. I don't know the propriety of that. But regardless, it seems like it would be a fairly quick, perfunctory hearing if we were to just vacate and remit. Well, if you do that, I'm certain it'll be a quick and perfunctory hearing. I am not authorized to confess there on behalf of the government here. I can go talk to my superiors about whether that would be advisable. But let me let me make a couple arguments that I came here to make. Number one about the transcript. It's not it's not outside the record. Everything that happened in the criminal case is automatically part of the record in the 2255 proceeding. And in fact, the Habeas Statute Section 2255B says that a district court can deny without a hearing if all the records. It's clearly in the record. But where was it argued in your brief? It wasn't argued. I want to make it so it's forfeited. Right. I want to make clear why I submitted it. It was not to argue the merits of the claim so much as to provide this court with another reason why leave to amend was properly denied, because the amendment would have been futile. One of the grounds for. Was that shown to the trial court? It was not. So how was the trial court supposed to be clairvoyant that it's futile? That that's another forfeiture by the government. No, but you're right. And if in hindsight, if we had to go back and do it again, I think we would have said to the district judge, this is untimely and it's also meritless. And put what we have unearthed, albeit belatedly, and I apologize for that, but my job is to help this court. And so I thought it important to let the court know that there were documents in the record, including a pro se motion by Mr. Sodano, including statements by his counsel. The only counsel, by the way, who was counsel for him when there was a plea offer. Neither counsel who fought there to counsel who followed Mr. Mazzone. By that time, the plea offer had been rejected and no other plea offer was forthcoming after the indictment issued. I'm curious about and I'm not being critical is when you're on record stating one position and you have the worst case scenario for you is, I think, what Judge Hardiman said, which is a remand. And you're you have this transcript now. Why did you why in your judgment did you think it was a good idea to completely change course from what you wrote in your 2017 letter? It's pretty clear what your position was there. Because we he had a motion pending. We had a position, right? The district court rejected that. We often take positions in the district court that are rejected and then are left to defend the district court's judgment on appeal. We're doing that here. You may disagree. And like I said, I will go talk to my superiors. But I would if you I mean, if we're going to get to this point, it sounds like we're past waiver. But I'd like to say a couple of things about the waiver argument, because we're not past waiver. It's up to you, whatever. Well, we present, you know, given the procedural history of this case, we made the offer to my friend. You know, when I read the certificate of appeal ability and especially the part after the comment in the last sentence, and jurists of reasons could debate whether the district court should have allowed the claim to proceed and addressed it on its merits. That raises a question. Why didn't it let it proceed on the merits? Because it had dismissed the claim on statute of limitations ground. That that order denying leave to amend is in my friend's appendix. He cites to it in his brief. And so that's under Rule 28, a day. That's a classic waiver of the argument. I think at best, you know, Mr. Sadano wrote in his pro se motion. He had a different communist argument than the one we've been debating. Yeah, it's. Yeah, you're right. It's worse than a forfeiture. It's an explicit waiver by counsel, but I'm just struggling with how it's proper, efficient and just to allow that waiver of counsel to put. By a court appointed lawyer to put Sadano in a worse position than he would have been in had he just slapped a blue a blue cover on on his own brief. That it's an unprecedented situation, in my experience. And it strikes me that the more proper thing to do is to put him back into the position that he would have been in had he remained pro se and then have the district court take a look at this on the merits. And we all know where it's headed when it when it gets addressed on the merits. Well, there is one other option, Your Honor, and that is you can treat the argument he made in his pro se motion for certificate of appeal ability as his argument on the time in this issue in this court. And if you do that, I mean, I have a very easy answer to that because his argument in that document is that because his two to five five was filed prematurely. He actually filed it before the statute started to run. The district court should have to respond. They struck that pleading, which would have left standing his memorandum of law. And then that should have become the operative pleading. And since that had the laughter claim inside it, that's within the statute of limitations. I don't he didn't he didn't raise that argument, of course, until he got to the ability stage. But I mean, that's one option this court has to it. I've seen it done in a case where a pro se litigant and I didn't cite this case. Maybe if I can supply it to the court or a pro se litigant applied for certificate of appeal ability. The Fifth Circuit granted it, but wrote the COA in a way that was misleading. And so when the pro se appellant submitted his brief, it addressed only the merits issue and not the procedural issue. I believe that's it. And it was a state prisoner and the state prosecutor there argued waiver. The Fifth Circuit said, no, we're not going to find a waiver, but we will import his argument. I could provide the citation for that. It's Williams versus Kane. It's 217 up third, 303. And it's in the Fifth Circuit in 2000. Again, we that's not the we haven't responded to that argument because it's not really. I mean, I guess we could have anticipated perhaps that that would be the path this court chose, which was to incorporate it. But it's if that's his argument on timeliness, I don't see then where there's an error by Judge Sheridan, because he never asked the district court to strike his initial 2255. In fact, he was trying to augment it with his memorandum of law. So I guess as things stand, what you've said is you were going to go back and see if if if you're if the government would confess error. That's up to you. And it's obviously in the courts, in the in in your employer's discretion to do that. But perhaps you could just tell us whatever way you go with that as to what you decide. I will. And I mean, I have to say, I don't know if I have authority to completely confess error or it will be, you know, if you reject the waiver argument, obviously, whether we would draw the timeliness argument. But I will give you a chance to go back and we wouldn't want you to do something you don't have authority to do. And maybe maybe it might take some, you know, some deliberation on your part. So, yeah, I don't I don't know. You have to confess error so much as what I what I was. Exploring was whether the government might consent to a vacater and remand for hearing on the merits. I don't think you need to confess error to do that. But I mean, under DOJ regulations actually do. And it's something may have to go all the way up to the solicitor general to approve or to consent to vacater. You need. I believe so, because. And again, I will I will double check that. But I know at least we have to go one level higher than than us, which is probably to the criminal appellate section of the. Again, that's OK. That might not be worth it. Yeah. That seems like maybe we should just maybe we should just supply the medicine rather than asking you to self-administer. And the facts are egregious. So there would probably be some attention paid to it. Well, I certainly will make the request and I will certainly inform my superiors and those that need to be involved in the decision of the discussion here at argument. And as soon as possible, if I support. OK, that's great. Yeah. All right. Anything more counsel? No, I have nothing more. All right. Thank you. Thank you. I received the transcript that we were discussing earlier last Friday. On Monday, I asked I called Mr. Sanders and made a couple of proposals. One was exactly what the court's referring to. I asked him if he would simply simply agree to a remand and get the matter over before Judge Sheraton as quickly as possible. He said what he told the court today. He has to go up the chain of command. Secondly, I asked him if he would agree to continue today's oral argument so that I could contact Mr. Sadano by telephone at his prison in South Carolina to see if. And I've already mailed him the transcript. It'll take some time for him to get it. I put that in the mail last Friday to see if he would be willing to withdraw the appeal based on a review of that transcript. That will take some time. I don't have. So do you want us to hold up? And I would wish the court to do what the court, I think, is leaning towards, because I don't know that Mr. Sadano would, in fact, agree to withdraw the appeal. He's seventy five years old. He's looking at thirty nine years in jail. All right. Any more counsel? No, sir. All right. Thank you. Thank you. Thank you, counsel. And we'll go off the record for.